ERIC GRANT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AURELIA AYON GUERRERO,<br><br>Defendant. | CASE NO.  2:22-CR-00178-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 22, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Aurelia Ayon Guerrero, by and through her counsel of record, hereby stipulate as follows:

1.    By previous order, this matter was set for status on January 22, 2026.

2.    By this stipulation, defendant now moves to continue the status conference until February 26, 2026, at 9:30 a.m. for a change of plea hearing, and to exclude time between January 22, 2026, and February 26, 2026, under Local Code T4.

3.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case includes approximately 3,398 pages of documents, including investigative reports, text messages, transcripts of recorded communications, and other materials, as well as multiple undercover video and audio recordings. All of this discovery has been produced to counsel for defendant.

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

1

b)      Defendant Ayon Guerrero made her initial appearance in this district on April 20, 2023, based on charges contained in a criminal complaint.

c)      On May 31, 2024, Ms. White was substituted into the case as counsel of record for defendant.

d)      Although counsel for defendant believes that her client will change her plea at the next court date, she needs additional time to review the evidence with her client and to communicate with government counsel. In the event defendant does not plead guilty at the next court date, such preparation will be essential to counsel for defendant's trial preparation.

e)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The government does not object to the continuance.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 22, 2026 to February 26, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

Dated: January 21, 2026

ERIC GRANT
United States Attorney


/s/ DAVID W. SPENCER
DAVID W. SPENCER
Assistant United States Attorney


Dated: January 21, 2026

/s/ TONI WHITE
TONI WHITE
Counsel for Defendant
AURELIA AYON GUERRERO


**ORDER**

IT IS SO FOUND AND ORDERED this 21st day of January, 2026.


Troy L. Nunley
Chief United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3